UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-60595-CIV-COHN/SELTZER

ISLAND CITY LOFTS, LLC,
a Florida limited liability company,

       Plaintiff,

v.

THE UNITED STATES OF AMERICA
and THE UNITED STATES POSTAL
SERVICE,

       Defendants.
_____/

## ORDER DENYING MOTION FOR CHANGE OF VENUE

**THIS CAUSE** is before the Court on Defendant United States of America's Motion for Change of Venue [DE 15]. The Court has carefully reviewed the Motion for Change of Venue, Plaintiff, Island City Loft's, Response in Opposition to Defendant's Motion for Change of Venue [DE 16] ("Response"), Defendant's Reply to Plaintiff's Response [DE 21], and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff brings this action for economic damages against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et. seq.* Specifically, Plaintiff contends that a United States Postal Service ("USPS") mail carrier's actions undermined a purchase and sale agreement for real property that Plaintiff executed with non-party Dr. Michael Gibney ("Dr. Gibney"). The terms of the transaction required Plaintiff to notify Dr. Gibney of certain events. Such an event occurred and Plaintiff attempted to notify Dr. Gibney by mailing a certified letter to Dr.

Gibney's residence in Yardley, Pennsylvania ("the Certified Letter"). Because a receipt was signed for the Certified Letter and returned to Plaintiff ("the Receipt"), Plaintiff took no further action to provide Dr. Gibney with notice. As it turned out, the mail carrier had forged Dr. Gibney's signature on the Receipt and Dr. Gibney never received the Certified Letter. Because Dr. Gibney never received the notice conveyed by the Certified Letter, Plaintiff was required to refund Dr. Gibney's deposit. Consequently, Plaintiff filed suit in the Southern District of Florida against the United States of America and claims damages in excess of $200,000 as a result of lost profits from the failed real estate transaction. Defendant United States of America now moves to change the venue from the Southern District of Florida ("Florida") to the Eastern District of Pennsylvania ("Pennsylvania").

## II. DISCUSSION

### A. Legal Standard

The Federal Tort Claims Act provides that the United States of America may be liable to the same extent that a private party would be liable under the law of the state where the tort occurred. Richards v. United States, 369 U.S. 1 (1962). Furthermore, pursuant to 28 U.S.C. § 1402(b), a civil action on a tort claim against the United States under 28 U.S.C. § 1346(b) may be prosecuted "only in the judicial district where plaintiff resides or wherein the act or omission complained of occurred."

Regardless of where the plaintiff filed suit, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "[T]he purpose of [§ 1404(a) is] to prevent the waste 'of time, energy and money' and 'to

protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Cont'l Grain Co. v. Barge F.B.L.-585, 364 U.S. 19, 26, 27 (1960)).

When determining whether transfer is appropriate, the Court should consider the following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to secure the presence of unwilling witnesses; (5) the cost of obtaining the presence of witnesses; and (6) the public interest. Thermal Techs., Inc. v. Dade Serv. Corp., 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003) (citing Van Dusen, 376 U.S. at 616). Notwithstanding the factors, a "'plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.'" Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (quoting Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. Unit B July 1981)).

### B. Motion to Change Venue

Here, Plaintiff alleges claims for malfeasance, negligence, and deceptive and unfair trade practices. All three claims are predicated upon the USPS mail carrier's forgery of Dr. Gibney's signature on the receipt for the Certified Letter. Undisputedly, the mail carrier signed the receipt for the Certified Letter in Yardley, Pennsylvania.[1]

Because the mail carrier signed the Receipt in Yardley, Pennsylvania, "the act or omission complained of occurred" in the Eastern District of Pennsylvania. Plaintiff, therefore, could have brought its action in the Eastern District of Pennsylvania.

---

[1] The mail carrier's supervisor determined that the mail carrier signed Dr. Gibney's name to the Certified Letter. See DE 1 at 14.

Because Plaintiff could have brought its action in the Eastern District of Pennsylvania, the Court *may* transfer the action there. Thus, the Court must determine if the convenience of the parties and witnesses, and the interest of justice, dictate that the Court *should* transfer this action to the Eastern District of Pennsylvania.

### 1. Convenience of the Parties

Plaintiff's principal place of business is located within Florida. Thus, it is easy to understand why Plaintiff would rather litigate in Florida than Pennsylvania. Defendant, on the other hand, claims that "[t]here is no question that, from Defendants [sic] perspective, conducting this litigation in the Eastern District of Pennsylvania would be more convenient." DE 15 at 6. In support of that statement, Defendant argues that it is inconvenient for Defendant to litigate in Florida because "[n]one of the Postal Service's employees who may be called upon to assist in the defense of the case are located in the state of Florida" and "[t]he business operations at issue involve delivery of mail to residents of Yardley, Pennsylvania." Id. Defendant's reasons raise issues that implicate other factors the Court addresses below, but in no way address why litigating the case in Florida is inconvenient for the United Sates of America. Accordingly, the "convenience of the parties" factor weighs heavily in favor of Florida.

### 2. Convenience of the Witnesses

Defendant, in its Motion for Change of Venue, argues that "[n]early all of the witnesses in this case work and reside outside of the state of Florida." DE 15 at 3. Specifically, Defendant asserts that the following prospective witnesses all reside outside of Florida: 1) Kent Cruickshank - the USPS mail carrier who is alleged to have signed the Receipt; 2) Dr. Gibney's parents who own the residence in Yardley,

4

Pennsylvania; 3) Bob Bane - a USPS supervisor who supervised Kent Cruickshank; 4) Jerry Sides - a USPS supervisor who supervised Kent Cruickshank; 5) Fran Shingle - a USPS supervisor who supervised Kent Cruickshank; 6) Bill Raspanti - a USPS supervisor who investigated the incident and supervises Kent Cruickshank; and 7) Joe Dabaggis - the Postmaster of the Morrisville, Pennsylvania Post Office where Kent Cruickshank is employed.[2]  Therefore, Defendant contends, "in weighing the inconvenience of the witnesses located in Pennsylvania against any inconvenience to the Plaintiff, the interests of justice are better served with this matter being transferred to the district court for the Eastern District of Pennsylvania."  DE 15 at 10.

Based on Defendant's representations, four of Kent Cruickshank's supervisors are likely to be witnesses.  Defendant fails to explain why the testimony of so many supervisors will be necessary.  Although the need for the investigating supervisor's testimony seems clear, and testimony regarding USPS procedures seems necessary as well, the testimony of multiple supervisors seems duplicative at best.  Similarly, the Court questions the necessity of the Postmaster's testimony.

Presumably, the probable witnesses in this case include Plaintiff's corporate designee, Dr. Gibney, the USPS mail carrier, the USPS supervisor who investigated the incident, and Dr. Gibney's parents.  Two of those witnesses are Florida residents.  The

---

[2] Defendant also asserts in the Motion for Change of Venue that Dr. Gibney resides in Pennsylvania, but Plaintiff, in the Response, points out that Dr. Gibney represented himself as a Florida resident in a related state court action: <u>Michael Gibney v. Island City Lofts, LLC</u>, Broward County Circuit Court, Case No. 07-024651(18). Plaintiff further notes that Dr. Gibney has retained Florida counsel.  Defendant's Reply does not address Plaintiff's contention.  The Court, therefore, finds that Dr. Gibney is a Florida resident for purposes of the instant motion.

5

remaining witnesses reside in Pennsylvania.  Thus, the "convenience of the witnesses" factor falls marginally in favor of Pennsylvania.

### 3. Ease of Access to Sources of Proof

As Defendant asserts, the allegation against the USPS centers upon the handling of the Certified Letter in Pennsylvania.  Defendant concedes, however, that "[t]he location of documents and sources of proof is not a factor generally afforded substantial weight because of modern technology and electronic storage possibilities."  Id. at 7.  Nonetheless, Defendant argues that ease of access to sources of proof weighs in favor of transfer because "any documents which Dr. Gibney has pertaining to this matter are likely in Pennsylvania and may be difficult to obtain as he is a non-party to this lawsuit.  Moreover, neither Dr. Gibney nor his parents would be within the subpoena power of the Southern District of Florida."  Id. at 7-8.

Defendant asserts no reason why Dr. Gibney's documents would be in Pennsylvania.  Ostensibly, Defendant's basis for that position is predicated upon Defendant's erroneous belief that Dr. Gibney is a Pennsylvania resident.  As set forth above, Dr. Gibney is a Florida resident.  See supra note 1.  Consequently, the "ease of access to sources of proof factor" weighs in favor of Florida.

### 4. Availability of Process for Unwilling Witnesses

Defendant suggests this factor weighs in favor of Florida because Dr. Gibney and his parents cannot be compelled to attend trial outside the state of Pennsylvania.  Again, as set forth above, Dr. Gibney is a Florida resident.  Accordingly, Defendant's argument is persuasive only insofar as it applies to Dr. Gibney's parents.  Presumably, Dr. Gibney's testimony is more crucial than his parents' testimony.  This factor,

6

therefore, weighs more in favor of Florida than Pennsylvania.

### 5. Cost of Obtaining the Presence of Witnesses

Dr. Gibney and Plaintiff's corporate designee are both in Florida.  The remaining witnesses are in Pennsylvania.  The cost of obtaining the presence of witnesses therefore falls slightly in favor of Pennsylvania.

### 6. Public Interest

Defendant maintains that Pennsylvania is the appropriate venue for this case because all of the acts giving rise to the case occurred in Pennsylvania.  Defendant is mistaken.  Several events giving rise to the case occurred in Florida: 1) Dr. Gibney and Island City Lofts entered into a Purchase and Sale Agreement in Broward County, Florida for sale of real property located in Broward County, Florida; 2) The Purchase and Sale Agreement is subject to Florida law; 3) the Certified Letter was mailed in Broward County, Florida; 4) Dr. Gibney resides in Broward County, Florida and has retained Florida counsel with a principal place of business in Broward County, Florida; and 5) Island City Lofts, LLC's principal place of business is Broward County, Florida.  Although the allegedly wrongful act occurred in Pennsylvania, Defendant overstates Florida's lack of a relationship with the case.

Alternatively, Defendant contends that the Court should transfer to Pennsylvania because Pennsylvania law will likely apply.  The applicable law in a case brought pursuant to the Federal Tort Claims Act is the substantive law of the state where the alleged wrongful act occurred.  See 28 U.S.C. § 1346(b).  Here, the alleged negligence appears to have occurred in Pennsylvania.  Therefore, Defendant contends, the public interest is best served if the Eastern District of Pennsylvania hears the case.  The

Southern District of Florida, however, is perfectly capable of applying Pennsylvania law to the matter before it, should the need arise.

In sum, to the extent some of the factors weigh in favor of venue in Pennsylvania, the factors do not weigh so heavily in favor of Pennsylvania that Plaintiff's choice of forum is "clearly outweighed by other considerations."  Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (quoting Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. Unit B July 1981)).  Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant United States of America's Motion for Change of Venue [DE 15] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of October, 2009.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record.